IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
        FILED

      JUL - 7 2016

CLERK, U.S. DISTRICT COURT
By_____
        Deputy
```

CURTIS LEE GREEN,                    §
                                     §
           Movant,                   §
                                     §
VS.                                  §    NO. 4:16-CV-542-A
                                     §    (NO. 4:01-CR-187-A)
UNITED STATES OF AMERICA,            §
                                     §
           Respondent.               §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion filed by Curtis Lee
Green, movant, on June 23, 2016, under 28 U.S.C. § 2255 to
vacate, set aside, or correct sentence by a person in federal
custody. Upon review of the papers pertaining to the above-
captioned action, the court has concluded that the motion should
be dismissed.

Movant's June 23 filing was his second and successive motion
under § 2255. See Case No. 4:01-CR-187-A, Docs. 71 & 72.[1]  He
has not obtained certification from the Fifth Circuit to file his
new motion. Consequently, the court lacks jurisdiction to decide
it. See 28 U.S.C. § 2255(h).

_____

[1] The "Doc. ____" reference is to the number of the item on the docket in the underlying criminal
case, No. 4:01-CR-187-A.

Moreover, even if this were not a second and successive motion, it would be untimely; and, even if it were timely, it would be without merit, all for the reasons set forth below.

A.   Background

On November 14, 2001, movant was named in an indictment that charged him in its Count Three with the offense of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Doc. 13 at 2d unnumbered page.  He pleaded guilty to that offense on January 18, 2002.  Doc. 42.  The probation officer issued its presentence report ("PSR") on March 1, 2002. PSR at 1.

The PSR concluded that movant qualified as an armed career criminal because he had at least three prior convictions for a "violent felony" committed on occasions different from one another, as contemplated by 18 U.S.C. § 924(e)(1).  The three convictions that the probation officer counted as prior convictions for a violent felony were Texas law burglary of habitation convictions.  PSR at 4, ¶ 14 & 9, ¶ 39.  Based on his Total Offense Level of 35 and Criminal History Category of VI, the PSR showed that his guideline range of imprisonment was 292 to 365 months.  Id. at 20, ¶ 79.

Movant lodged two objections to the PSR, neither of which addressed the probation officer's finding that movant was an

2

armed career criminal under 18 U.S.C. § 924(e)(1).  The court

denied the objections.  His sentencing was conducted on April 19,

2002, when he received a sentence of imprisonment of 365 months.

Docs. 51 & 53.  The court denied movant's objections to the PSR.

    Movant appealed from his judgment of sentence to the Fifth

Circuit.  The Fifth Circuit concluded that one of movant's

objections to the PSR that this court had denied had merit.

United States v. Green, 58 F. App'x 596 (5th Cir. 2003).  The

Fifth Circuit reversed and remanded for resentencing.  Id.

    On February 14, 2003, the court issued a scheduling order

for the resentencing, requiring the filing a resentencing PSR by

March 17, 2003, and the filing of any objections thereto by

March 31, 2003.  Doc. 62 at 2, ¶¶ 4-5.  Rather than to do a

revised PSR, the probation officer complied with the court's

order by filing a third addendum that was a Supplement to the PSR

for Resentencing after Appeal.  The probation officer made

revisions to paragraphs 50 and 79 of the PSR to address the parts

of the report that the Fifth Circuit had found erroneous.  Suppl.

at 1.  The third addendum again expressed the probation officer's

finding that movant was an armed career criminal subject to an

enhanced sentence under the provisions of 18 U.S.C. § 924(e).

Because of its potential pertinence to the motion under

consideration, the court is setting forth verbatim the only "objection" made by movant to the third addendum:

> Counsel for the defendant has advised Mr. Green that under the law of the case doctrine, and the mandate rule, he is legally precluded from raising any issues regarding the findings and conclusions made at the first sentencing hearing. See United States v. Marmolejo, 139 F.3d 528[,] 530-32 (5th Cir. 1998); United States v. Hass, 199 F3d 749, 750-53 (5th Cir. 1999).

> Mr. Green would like the district court to reconsider or consider anew, the following issues: the validity of his prior burglary convictions as crimes of violence, and whether the prior burglary convictions were related cases with a single criminal history point instead of four separate history points. To the extent this Court deems the law of the case and the mandate rule to be inapplicable, the defendant objects to the sentencing range as set forth in the third addendum.

Def.'s Objs. to 3d Addendum to PSR at 1.

At the resentencing hearing conducted on April 25, 2003, counsel for movant explained his "objection" as follows:

> MR. FLEURY: Mr. Green very much desired that the classification of his burglaries of a habitation convictions that he had had as crimes of violence be challenged.

> THE COURT: Well, are you challenging them? I couldn't tell from what you filed.

> MR. FLEURY: As his attorney, I don't think I'm entitled to under the Custis decision of Supreme Court, but I told him that I would mention to the Court that it was his desire to challenge those. But I don't think they're challengeable.

4

THE COURT:  Because it wasn't successfully challenged before the Fifth Circuit, or because it wasn't challenged before the Fifth Circuit?

MR. FLEURY:  For two reasons.  In the Supreme Court decision of <u>United States versus Custis</u>, or <u>Custis v. United States</u>, the Supreme Court said you cannot collaterally challenge the validity of an underlying conviction in a sentencing hearing, and -- because of the mandate rule, the law of the case rule, and the waiver of issues on appeal rule.  Since it hadn't been raised before I don't believe I'm legally entitled to raise that now.  And, also, I think burglaries of a habitation are categorically defined as crimes of violence.

THE COURT:  I think the Fifth Circuit has held that.

MR. FLEURY:  Yes.

THE COURT:  But they've had a lot of rulings lately that might be viewed to be in a state of flux as to what they're doing.  Some of the other rulings indicate that if the indictment itself doesn't show on its face it's a crime of violence, then it won't be considered a crime of violence.

MR. FLEURY:  Right.

THE COURT:  Are you telling me you're not urging it?  I need to know what you're doing.  I'll rule on something if you're urging something.

MR. FLEURY:  I'm not urging it.  I just wanted the record to reflect that Mr. Green had wanted me to.

Doc. 68 at 3-4.

Movant's resentencing was to a term of imprisonment of 327 months.  He appealed to the Fifth Circuit from that sentence.

His attorneys filed an <u>Anders</u>[2] brief in which they reiterated the desire of movant to contest use of his prior burglary convictions as crimes of violence within the meaning of 28 U.S.C. § 924(e)(1), and their belief that he was legally prohibited from doing so and that, in any event, such a contention would lack merit.  5th Cir. Case No. 03-10429, Doc. 005131497 at 6.  On December 10, 2003, the Fifth Circuit issued its order and judgment dismissing movant's appeal as frivolous.  Docs. 69 & 70. Movant did not seek a writ of certiorari, with the result that his resentencing judgment became final in early 2004.  Unless he has received a renewed limitations period pursuant to 28 U.S.C. § 2255(f)(3), his new § 2255 motion is untimely.[3]  To benefit from <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) and <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016), movant must show that the <u>Johnson</u> ruling applies, and has been made retroactively applicable, to his case. Specifically, § 2255 provides, in pertinent part, with regard to limitations:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of ---

---

[2]<u>Anders v. California</u>, 386 U.S. 738 (1967).

[3]Movant seeks to avoid the one-year period of limitation running from the date when his judgment became final by placing reliance on <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), and <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016).

> (3) the date on which the right asserted was
> initially recognized by the Supreme Court, if that
> right has been newly recognized by the Supreme Court
> and made retroactively applicable to cases on
> collateral review . . . .

28 U.S.C. § 2255(f)(3).

B.   The Limited Effect of the *Johnson* and *Welch* Decisions

However, nothing in the new motion suggests that the Johnson

ruling has any relevance to movant's criminal case.   The holding

in Johnson upon which movant relies is that "imposing an

increased sentence under the residual clause of the Armed Career

Criminal Act violates the Constitution's guarantee of due

process." 135 S. Ct. at 2563 (emphasis added). In particular, the

Supreme Court said that its decision does not call into question

any other provision of the Act. Id.   And, in Welch, the Supreme

Court reminded: "Johnson considered the residual clause of the

Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii).

The Court held that provision void for vagueness." 136 S. Ct. at

1260-61 (emphasis added).   The residual clause to which the

Supreme Court directed its attention in Johnson reads "otherwise

involves conduct that presents a serious potential risk of

physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).

The Supreme Court has made abundantly clear that the

limitation period of § 2255 is to be strictly construed in

accordance with the words used by Congress. Dodd v. United

7

<u>States</u>, 545 U.S. 353, 359 (2005). And, that is so even if the result is harsh. <u>Id.</u> See <u>Fierro v. Cockrell</u>, 294 F.3d 674, 684 (5th Cir. 2002)(noting that the limitations period is strictly applied and "subject only to the narrowest of exceptions").

<u>Johnson</u> and <u>Welch</u> are not helpful to movant unless he can demonstrate that the § 924(e)(2)(B)(ii) residual clause was a factor in his sentence. He has not, and cannot, make such a demonstration.

C.   <u>The § 924(e)(2)(B)(ii) Residual Clause Did Not Play Any Role in Movant's Sentencing</u>

There is nothing in the record of movant's criminal case or in the Fifth Circuit's opinion related to his appeal to suggest that the § 924(e)(2)(B)(ii) residual clause played any role in movant's sentencing.

As previously noted, the PSR discloses that the probation officer found and concluded that movant had the status of armed career criminal within the meaning of § 924(e) by virtue of having previous convictions for three violent felonies in the form of burglary convictions.

Movant, through his counsel, has acknowledged that his previous burglary convictions qualify as burglaries within the meaning of the word "burglary" as used in § 924(e). Movant's motion seems to be arguing that the kinds of burglaries he was

convicted of do not constitute a burglary within the meaning of
that word as used in § 924(e).  That is not an issue with which
the Supreme Court was concerned in <u>Johnson</u>.  There is no
suggestion in the record of movant's criminal action that the
residual clause of § 924(e)(2)(B)(ii) had anything to do with
movant's sentencing.  Nor is there anything in <u>Johnson</u> to suggest
that anything about the <u>Johnson</u> decision bears on what kind of
burglaries qualify as a "burglary" within the meaning of
§ 924(e)(2)(B)(ii).

D.   <u>Finally, Movant's Counsel Correctly Concluded That Movant Is
     Precluded at this Time from Raising Any Issues Regarding the
     Findings and Conclusions Made at the First Sentencing
     Hearing</u>

     At the first sentencing hearing, the court adopted as the
findings of the court the findings set forth in the PSR and as
the conclusions of the court the conclusions expressed in the
PSR.  Doc. 58 at 10-11.  Having failed to challenge use of his
prior burglary convictions to enhance his sentence under § 924(e)
at his first sentencing, and having failed to object thereto on
direct appeal, movant became precluded from raising those issues.
<u>See</u> <u>Anders</u> Br., 5th Cir. Case No. 03-10429, Doc. 005131497 at 10.

     Thus, movant's new § 2255 motion could not be granted even
if it had not been second and successive and even if it had been
timely filed.

9

* * * * *

For the reasons stated above,

The court ORDERS that movant's requests for appointment of counsel and for a hearing be, and are hereby, denied.

The court further ORDERS that the motion filed by movant on June 23, 2016, under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be, and is hereby, dismissed for lack of jurisdiction.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED July 7, 2016.

JOHN McBRYDE
United States District Judge